DECISION
Plaintiff appeals Defendant's Notice of Intention to Add Tax Due to Omitted Property for Account #0126258, dated September 16, 2010. A telephone trial was held on September 19, 2011. David E. Carmichael, Attorney at Law, appeared on behalf of Plaintiff. Robert W. Ritzdorf (Ritzdorf) and John Patrick Hammer (Plaintiff) testified on behalf of Plaintiff. Tara Smith (Smith), Residential Appraiser, appeared and testified on behalf of Defendant.
Plaintiff's Exhibit 1, pages 1 through 6, 16, and 17 and Defendant's Exhibits A and D were received without objection.
I. STATEMENT OF FACTS
Defendant's August 25, 2010, Notice of Intention to Add Tax Due to Omitted Property for Account #0126258 (Notice) stated that Defendant was "[a]dding value for 800 square foot detached garage." (Ptf's Compl, Ex 2.) Smith testified that based on aerial photographs she determined that the garage was built in 2003, but the value "had not been added" to the tax roll. Smith testified that Defendant's Notice proposed to add real market value and assessed value for tax years 2004-05 through 2009-10 to the tax roll. (Id.) For tax year 2005-06, Defendant's Notice proposed to add an assessed value ($24,490) greater than the real market value ($21,620). (Id.) Smith offered no explanation for why the proposed assessed value addition was greater *Page 2 
than the real market value. She testified that the county records did not show that the value of the garage "had ever" been added to the tax roll.
Ritzdorf, the son of the prior owner of the subject property (Account 0126258), testified that his father, Matt Ritzdorf, who died in June 2000, owned the subject property until December 2000, when his father sold the subject property to Plaintiff. Ritzdorf testified that his father constructed the detached garage prior to his father being diagnosed with cancer in 1999.
Hammer testified that he purchased the subject property in December 2000, paying a "fair market price" after negotiating "two or three" months with the heirs of the subject property's owner. Hammer testified that, because he owned adjoining property, he wanted that property to make a "more rectangular" rather than "triangular" lot. Hammer testified that he paid $98,000 for the property because of the "odd-shaped lot," and the location of a "residence in an industrial zone." He testified that the residence was one of many houses built by a lumber company. Hammer testified that it is the only residence still in the area and is situated close to "railroad tracks," and other lumber or forest product businesses.
Hammer testified that, on his date of purchase, the detached garage was located on the subject property. He testified that there is an electrical box or electric power panel on one of the garage interior walls. Hammer testified that, on the interior base of the electrical box, there is a "red tag placed by the City of Springfield showing an electrical sign off date of November 3, 1997." He testified that, on the garage concrete pad, there is a "date of April, 1997 with initials" etched into the concrete.
The parties agreed that the real market value of the subject property stated on the tax roll for tax years 1998-99, 1999-2000, and 2000-2001 was changed to match Plaintiff's purchase price of $98,000. (Ptf's Ex 1 at 5.) For each of those years, Plaintiff's assessed value was the *Page 3 
subject property's real market value. (Id.) In response to a question referencing page 6 of Plaintiff's Exhibit 1, a copy of Defendant's Regional Land Information Database printout of "Sales Ownership Changes" for the subject property, Smith testified that Defendant's employee verified the sale price with either the buyer or seller and that Plaintiff's purchase was a market transaction.
 II. ANALYSIS
Defendant proposed to add real market value and assessed value for the subject property to the tax roll for tax years 2004-05 through 2009-10. At the time it issued its Notice, Defendant believed that the tax roll did not include the value of a garage. Unfortunately, Defendant was mistaken.
Testimony and evidence support Plaintiff's allegation that in tax years 1998-98, 1999-2000, and 2000-01, Defendant's tax rolls stated a real market value and assessed value of $98,000. That amount, $98,000, was Plaintiff's purchase price paid for the subject property, including the garage. The testimony supports Plaintiff's allegation that the garage was built prior to his date of purchase.
Defendant's Notice, dated August 25, 2010, stated that it was "[a]dding value for 800 square foot detached garage." (Ptf's Compl, Ex 2.) That Notice was in error. Defendant added or placed on the tax roll "value for" the "800 square foot detached garage" in 1998-99, 1999-2000 and 2000-01 when the tax roll was changed to match Plaintiff's purchase price. There was no evidence that after tax year 2000-01 Defendant subsequently reduced the tax roll value because it determined that the garage was removed or destroyed. Absent evidence that the value of the garage was removed from the tax roll after tax year 2000-01, Defendant cannot add value for property (the garage) that is already on the tax roll. *Page 4 
 III. CONCLUSION
After careful review of the testimony and evidence, the court concludes that Defendant's Notice was issued in error. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted.
Dated this ___ day of November 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanneron November 7, 2011. The Court filed and entered this documenton November 7, 2011.